---o---

No. 4605.

(Court of Appeal, Parish of Orleans.)

PAUL N. BRIERRE VS. RICEHULLING MFG. CO., LTD.

1   Art. 2324 R. C. C., imposing liability on one causing another to do any act, or assisting him therein, which results in an injury, refers to unlawful and not to lawful acts.

2.   A lessee against whom no action has been taken by the lessor, and who has not been put in default for non-payment of rent, may retransfer merchandise to his unpaid vendor and validly defeat the lessor's privilege.

Appeal from Civil District Court, Division "B."

Titche & Rogers, for Plaintiff and Appellant.

J. K. Bailey, for Defendant and Appellee.

DUFOUR, J.   The plaintiff sues the Ricehulling Company and Leopold Levy, its president, in solido, the former for rent due, and the latter for assisting in removing certain property from the leased premises, and refusing to give plaintiff any information as to the place whither the property had been removed, thus causing the loss of rent.

Levy's answer denies responsibility, on the ground that his action was lawful, because he returned the property to the vendor, who had not paid for it, and no rent was due at the time.

—142—

The present appeal is from the judgment rejecting the demand against Levy.

Plaintiff rests his case on Art. 2324 R. C. C., which reads as follows:

"He who causes any person to do an unlawful act, or assists or encourages in the commission of it, is answerable *in solido* with that person for the damages caused by that act."

He cites several decisions as to conspiracies to defraud in which the rule was applied.

The article refers to *unlawful* acts, and not to cases where the act was lawful.

The evidence shows that the return of the property to the vendor was in May, 1906, and that the rent for that month and June was paid.

In two cases, the Supreme Court has held that a lessee against whom no action has been taken by the landlord and who has not been put in default for non-payment of rent, may retransfer merchandise to his unpaid vendor, and validly defeat the lessor's privilege. 7 R. 245; 8 An. 10.

Levy's act, being lawful, he was not compelled to disclose the locus of the property, and no responsibility attaches under the terms of the codal principle invoked.

The prayer of the petition does not warrant judgment for the dynamo claimed by plaintiff.

Judgment affirmed.